ERNEST FRANKFURT, ADMINISTRATOR, APPELLEE, V. NEON RADIANT SIGN COMPANY ET AL., APPELLANTS.

FILED JULY 9, 1935. NO. 29190.

*Clarence T. Spier* and *Arthur C. Bailey*, for appellants.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

ROSE, J.

This is a suit in equity to require an assignee to whom a 99-year lease had been transferred to account as trustee for rents and other income, to terminate the trust, and to cancel an assignment by him of approximately half of the leasehold estate.

The demised real estate is situated at Twenty-fourth and Douglas streets, Omaha, with 93 feet fronting east on Twenty-fourth street and extending west 160 feet to an alley. The property was unimproved when leased. The lease was dated March 31, 1919. For the 5-year period beginning April 1, 1919, the agreed annual rental was $3,800 and for the remainder of the term $4,000 annually. Other provisions are stated in a case involving the same lease and need not be repeated here. *Towle v. Morrell, ante,* p. 398.

The owners of the fee, lessors, were Adam Morrell and Mary Morrell. The original lessee was Rose C. Gentleman, who assigned the lease to Ernest Sweet April 1, 1919. Sweet assigned the lease to John W. Towle January 13, 1926. Prior to the assignment to Towle, Sweet improved the premises at a cost of $29,000 by constructing thereon a one-story building consisting of four separate store rooms, each 20 feet wide, fronting east on Twenty-fourth street, with the entrance therefrom. May 21, 1927, Towle assigned to the "Dutch Cleaners, Incorporated," approximately a severable half interest in the lease or the north 40 feet of the leasehold estate, including two of the store rooms. Thereafter, the Dutch Cleaners further improved the assigned north 40 feet by constructing another story on that part of the building and a cleaning and boiler-room in the rear, all at an expense of $12,000. The Dutch Cleaners are still occupants of the north 40 feet under the Towle assignment. They paid rentals therefor to lessors for five years. The other half of the leasehold estate is occupied by Neon Radiant Sign Company, tenant under the assignment by Sweet to Towle.

Sweet died July 9, 1932, leaving surviving him his sole heirs at law Martha Sweet, his widow, Grace Emily Sweet, his daughter, and Ernest Sweet, Jr., his son. Ernest Frankfurt, administrator of the estate of decedent, plaintiff, brought this suit in equity against Neon Radiant Sign Company, Dutch Cleaners, John W. Towle and Martha Sweet, defendants, to declare Towle a trustee for his assignor, Ernest Sweet, deceased, to terminate the trust and to require the trustee to account to the administrator for the rents and other income from the entire leasehold estate and to cancel the assignment from Towle to the Dutch Cleaners. Lessors are not parties to the action.

The district court granted plaintiff equitable relief on the theory that, under the assignment from Ernest Sweet to Towle, the latter was trustee for the former. By decree the trust was terminated. The assignment by Towle to the Dutch Cleaners was also canceled as invalid. Defendants appealed.

The proper deduction from the evidence is that Towle, after the entire lease had been assigned to him, from his own individual funds, in good faith, at different times, in what seemed to be the exercise of good business judgment, expended a large amount of his own individual funds for the benefit of the leasehold estate. Without requiring the administrator, or the heirs of Ernest Sweet, to do equity by restoring to Towle, or allowing him credit for, what he had thus contributed, and without making any other provision to protect him from the loss of such funds, the district court by decree canceled the assignment of the north 40 feet of the leasehold estate to the Dutch Cleaners, terminated the trust, and deprived Towle of possession of the leased property, which he had acquired in good faith under the assignment to him by Ernest Sweet.

In the former case involving the same lease it was held that the Towle assignment to the Dutch Cleaners was valid. *Towle v. Morrell, ante,* p. 398. There was therefore error in the judgment below to the contrary. There was also error in restoring the lease to plaintiff without giving Towle credit, or protecting him in some form, for what he contributed in good faith to the leasehold estate. The maxim that he who seeks equity must do equity should have been applied.

For the errors pointed out, the judgment is reversed and the cause remanded for further proceedings.

REVERSED.